UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
AALM FINANCIAL GROUP, INC.,

                        Plaintiff,                  District Court Index No_____

          -against-

HONG QIN JIANG, XI LIANG LIU, GOLDEN      Supreme Court – Queens County
LAND    L.L.C.,    and    SHIROKIA    Index No. 707818/2015
DEVELOPMENT LLC,

                        Defendants.
-----------------------------------------------------------X

## NOTICE OF REMOVAL

**TO THE HONORABLE DISTRICT COURT JUDGE
ASSIGNED TO THESE PROCEEDINGS:**

      Shirokia Development LLC (the "Movant" or the "Debtor"), by its attorneys DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, respectfully provides notice to this Court of removal of the above-captioned action from the Supreme Court of the State of New York, County of Queens, to the United States District Court for the Eastern District of New York, and respectfully represents as follows:

      1.      On or about July 23, 2015, Plaintiff, AALM Financial Group, Inc., ("Plaintiff" or "AALM") filed a Verified Complaint (the "Complaint") against Shirokia Development LLC, et al. in Supreme Court, Queens County under Index Number 707818/2015 (the "Action"). Annexed hereto as **Exhibit "1"** is a copy of the Complaint.

      2.      The Action seeks to recover money purported owed to Plaintiff from the Debtor from the refinance of a certain real property located at 142-28 28th Avenue, Flushing, New York (the "Property") pursuant to a "Loan Broker Listing". The Debtor is the current deed holder of,

and is in possession of, the Property, and the refinance of the Property occurred during the Debtor's prior chapter 11 proceeding (EDNY Case No. 14-44373-NHL)

3.      On December 9, 2016, Shirokia Development, LLC filed a voluntary petition under chapter 11 of the Bankruptcy Code in this Court under Case No. 16-45568-NHL, which case has not been dismissed as of the date of this Notice of Removal. The Debtor has continued in possession of its property and management of its affairs as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

4.      The Debtor's Schedule "A" lists the Property as an asset of the Debtor's estate and that the Debtor is the 100% owner in fee simple of said property. A copy of the Debtor's Schedule "A" is annexed hereto as **Exhibit "2".**

5.      Section 1452(a) of Title 28 of the U.S. Code grants a very broad right to parties to civil parties to remove "any claim or cause of action" to the district court (and by referral to the bankruptcy court) provided that bankruptcy jurisdiction exists under 28 U.S.C. § 1334. This United States District Court for the Eastern District of New York has subject matter jurisdiction over the Action because the Action is a civil proceeding that is related to a case under title 11 -- the Chapter 11 case of the Debtor. The Action seeks to recover money from Debtor and thus is a claim in the Debtor's bankruptcy proceeding. Further, the action stems from a transaction that transpired during the Debtor's prior chapter 11 proceeding.

6.      This action is a "core proceeding" within the meaning of 28 U.S.C §157(b)(2)(A), (B) and (O) in that the action concerns claims against the Debtor that allegedly accrued during the Debtor's prior chapter 11 case, the disposition of Property of the estate and the ability of the Debtor to timely proceed in its attempt to reorganize under Chapter 11 of the Bankruptcy Code.

7.      Pursuant to 28 U.S.C. Section 1334(d) and the permanent order of reference of the

United States District Court for the Eastern District of New York issued pursuant to 28 U.S.C. §157, the Bankruptcy Court has jurisdiction over property of the Debtor's estate.  Consequently, the Action, which involves Property owned by the Debtor, should be decided by the Honorable Judge assigned to these proceedings.

8.    This action is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. Section 1334, and is one which may be removed to this Court by the Debtor pursuant to the provisions of 28 U.S.C. Section 1452, in that the matter in controversy is a civil action related to a bankruptcy case.

9.    Upon removal the Debtor will promptly seek to transfer venue of this action pursuant to 28 U.S.C. § 1404 to the Court where the Chapter 11 proceedings are pending, the United States District Court for the Eastern District of New York, for its ultimate referral to the Bankruptcy Court.

Dated: White Plains, New York
         December 28, 2016

DELBELLO DONNELLAN WEINGARTEN
WISE & WIEDERKEHR, LLP
*Attorneys for the Debtor*
One North Lexington Avenue, 11th Floor
White Plains, New York 10601
(914) 681-0200

By: */s/ Julie Cvek Curley*
         Julie Cvek Curley, Esq.

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**

_____X

AALM FINANCIAL GROUP, INC.,

                    Plaintiff,

     -against-

HONG QIN JIANG, XI LIANG LIU,
GOLDEN LAND L.L.C. and
SHIROKIA DEVELOPMENT LLC,

                Defendants.

_____X

**SUMMONS**
Index No.
Date Purchased:  July 23, 2015

Plaintiff designates Queens County
as the place of trial

The basis of the venue is proper as
per CPLR Sections 301 and 503
due to defendants' physical presence
or residency in State of New York
and principal place of business in
Queens County

TO THE ABOVE NAMED DEFENDANTS:

     **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with the Summons, to serve a Notice of Appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated:   July 23, 2015

                            **MAVROUDIS LAW, LLC**

          By:   _____
                    John M. Mavroudis, Esq.
                    690 Kinderkamack Road, Suite 300
                    Oradell, New Jersey 07649
                    Telephone: (201) 262-3001

                    *Attorneys for Plaintiff*
                    *AALM Financial Group, Inc.*

Defendants' Address:

**HONG QIN JIANG**
36-20 210TH STREET
BAYSIDE, NEW YORK 11361

**XI LIANG LIU**
36-20 210TH STREET
BAYSIDE, NEW YORK 11361

**GOLDEN LAND, L.L.C.**
142-23 37TH AVENUE, UNIT 2E
FLUSHING, NEW YORK 11354

**SHIROKIA DEVELOPMENT, LLC**
142-32 38TH AVENUE
FLUSHING, NEW YORK 11354

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**

_____X

AALM FINANCIAL GROUP, INC.,

                Plaintiff,

    -against-

HONG QIN JIANG, XI LIANG LIU,
GOLDEN LAND L.L.C. and
SHIROKIA DEVELOPMENT LLC,

               Defendants.
_____X

Index No.

**COMPLAINT**

     Plaintiff AALM Financial Group, Inc. ("AALM" or "plaintiff"), by and through its undersigned counsel as and for its Complaint, alleges as follows:

<u>**PARTIES**</u>

     1.     AALM is a New York Corporation which maintains it principal place of business at 44 Wall street, #12 Floor, New York, New York 10005.

     2.     Upon information and belief, defendant Shirokia Development LLC ("Shirokia") is a New York limited liability company which maintains a place of business at 142-32 38th Avenue, Flushing, New York 11354.

     3.     Upon information and belief, defendant Hong Qin Jiang ("Jiang") is a natural person who resides or maintains an office or place of business at 36-20 210th Street, Bayside, New York 11361.

     4.     Upon information and belief, defendant Xi Liang Liu ("Liu") is a natural person who resides or maintains an office or place of business at 36-20 210th Street, Bayside, New York 11361.

1

5.      Upon information and belief, Golden Land L.L.C. ("Golden") is a New York limited liability company that maintains an office or place of business at 142-23 37th Avenue, Unit 2E, Flushing, New York 11354..

6.      Shirokia, Jiang, Liu and Golden are collectively referred to herein as the "defendants" or "Borrowers".

## JURISDICTION AND VENUE

7.      This Court has personal jurisdiction over the defendants under CPLR Section 301 by virtue of their physical presence or residency in the State of New York.

8.      Venue is proper in this County under CPLR Section 503 because Shirokia has its principal place of business in the County of Queens.

## FACTUAL BACKGROUND

9.      AALM at all times relevant herein has been engaged in the business of soliciting on behalf of clients and procuring loan approvals for commercial and residential development transaction from bona fide lenders.

10.     On or about February 6, 2013 Shirokia, Golden, Jiang and Liu entered into a written agreement with AALM entitled "Loan Broker Listing" engaging the services of AALM to procure a loan in the amount of $20 Million for the residential development located at 142-28 28th Avenue, Flushing (Queens), New York 11353 and 142-21-27 37th Avenue, Flushing (Queens), New York 11354, also know as Block 5020, Lot 1201-1274  (the "Property"). A true copy of the broker listing agreement is annexed hereto as **Exhibit A** ("Broker Listing Agreement").

11.     Under the term Broker Listing Agreement the defendants agreed to pay plaintiff a loan fee in the amount of 1.5% of the loan amount for loans procured by the plaintiff on the

Property.

12.     Under Paragraph 6 of the Broker Listing Agreement the defendants agreed and covenanted non-circumvention regarding any lender for a period of 36 months, as follows:

> "Non-Circumvention:  The Borrower agrees and covenants that he/it will not
> directly, or indirectly; or in conjunction with any other person, company,
> partnership or corporation apply to the lender(s) to Whom Broker has submitted
> his/its loan application, except through Broker as his/its exclusive agent, for a
> period of 36 months from the termination of this Agreement, otherwise
> the Borrower shall be liable to Broker for the loan brokerage fee described
> above on any loan funded to such Borrower by such lender."

13.     In or about March or April 2013 plaintiff introduced defendants and submitted a loan application on their behalf, and as their exclusive agent, to Madison Realty Capital, a lender located at 825 Third Avenue, 37th Floor, New York, New York 10022 ("Madison").

14.     On April 24, 2013 Madison issued a Conditional Commitment Letter to Shirokia, Jiang and Liu in the amount of $12 Million ("Madison Original Commitment").  A true copy of the Madison Commitment is annexed hereto as **Exhibit B**.

15.     The Madison Original Commitment provides for payment of a fee to plaintiff at closing of the loan in accordance with the Broker Listing Agreement.

16.     Upon information and belief, the defendants accepted the Madison Original Commitment but the loan did not close.

17.     In or about March 2015 the defendants applied to Madison Realty Capital and obtained loans on the Property consisting of a first mortgage loan of $12,675,000 dated April 1, 2015 and a second mortgage loan of $1,375,000 dated April 1, 2015, with mortgage liens conveyed by Shirokia to 38th Avenue Queens 1 LLC.

18.     38th Avenue Queens 1 LLC is an affiliate of Madison Realty Capital and the first and second mortgage liens were duly recorded in the New York City Register's Office, Queens

County.

19.     On or about June 1, 2015 the plaintiff rendered an invoice to the defendants in the amount of **TWO HUNDRED TEN THOUSAND SEVEN HUNDRED FIFTY ($210,750.00) DOLLARS** for the fees due and payable under the Broker Listing Agreement calculated at the rate of 1.5% of the loan amount ("Fee Invoice").  A true copy of the invoice is annexed hereto as **Exhibit C**.

20.     The defendants have failed, refused and/or neglected to pay the fees which are outstanding and due and payable, jointly and severally, from the defendants.

### COUNT I
### (Account Stated)

21.     Plaintiff repeats, incorporates herein and realleges the allegations set forth in Paragraphs 1 through 20 of the Complaint as if fully set forth herein at length.

22.     There is due and owing by the defendants, jointly and severally, to the plaintiff on an account stated the amount of $210,750.00.

### COUNT II
### (Breach of Contract)

23.     Plaintiff repeats, incorporates herein and realleges the allegations set forth in Paragraphs 1 through 22 of the Complaint as if fully set forth herein at length.

24.     Under the terms of the Broker Listing Agreement dated February 6, 2013, defendants, jointly and severally, agreed that they would not, directly or indirectly, apply to lenders whom AALM has submitted loan applications to on their behalf for a period of 36 months.

25.     AALM submitted a loan application to Madison Realty Capital in or about March or April 2013 and obtained the Madison Original Commitment providing for payment of a loan

4

fee to the Plaintiff.

26.     In breach of the Broker Listing Agreement, the defendants, jointly and severally, in or about March 2015 applied to Madison Realty Capital within 36 months following the date of the agreement of February 6, 2013.

27.     In accordance with Broker Listing Agreement the plaintiff AALM is entitled to receive from the defendants, jointly and severally, a loan brokerage fee in the amount of 1.5% of the loan amount.

28.     The plaintiff has suffered monetary damages as a result of the breach of the contract by the defendants.

29.     There is due and owing to the plaintiff from the defendants, jointly and severally, the amount of $210,750.00 as a result of the breach of contract.

**COUNT III**
**(Quantum Meruit)**

30.     Plaintiff repeats, incorporates herein and realleges the allegations set forth in Paragraphs 1 through 29 of the Complaint as if fully set forth herein at length.

31.     Plaintiff rendered valuable services to the defendants, jointly and severally, by introducing the defendants and the lending requirements for the development of the Property to Madison Realty Capital, a bona fide lender, willing and able to fund mortgage loans covering the Property.

32.     Plaintiff rendered such services to the defendants in the ordinary course of its business of performing such services.

33.     Defendants accepted such services, used and enjoyed the introduction to Madison Realty Capital by making their own application to Madison Realty Capital and obtaining mortgage loans in the amount of $12,675,000 and $1,375,000 in or about March 2015.

5

34.    At all times relevant herein, the defendants were aware that the plaintiff expected to be paid a broker loan fee of 1.5% as set forth in the Broker Listing Agreement.

35.    The broker loan fee represents the reasonable value of the work, labor and services performed by the plaintiff, which the defendants, jointly and severally promised to pay.

36.    There is due and owing to the plaintiff from the defendants, jointly and severally, the amount of $210,750.00 on the basis of quantum meruit.

## COUNT IV
### (Unjust Enrichment)

37.    Plaintiff repeats, incorporates herein and realleges the allegations set forth in Paragraphs 1 through 36 of the Complaint as if fully set forth herein at length.

38.    Plaintiff conferred a benefit to the defendants, jointly and severally, by introducing the defendants and the lending requirements for the development of the Property to Madison Realty Capital.

39.    By virtue of their subsequent application to and procurement of mortgage loans from Madison Realty Capital and its affiliates, the defendants, jointly and severally, appreciated and recognized the benefit thereof.

40.    Defendants accepted and utilized the plaintiff's introduction to Madison Realty Capital and obtained mortgage financing for the development of the Property in the amount of $14 Million.

41.    Defendant's, jointly and severally, have failed, refused and/or neglected to pay plaintiff a broker loan fee in the amount of $210,750, which is unfair and unjust under the circumstances.

42.    There is due and owing to the plaintiff from the defendants, jointly and severally, the amount of $210,750.00 on the basis of unjust enrichment of the defendants, jointly and

severally.

## COUNT V
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

43.     Plaintiff repeats, incorporates herein and realleges the allegations set forth in Paragraphs 1 through 42 of the Complaint as if fully set forth herein at length.

44.     Defendants, jointly and severally, covenanted to plaintiff to act in good faith and deal fairly with the plaintiff by virtue of the covenant and agreement set forth Loan Broker Listing Agreement to non-circumvent, directly or indirectly, the plaintiff's introduction of the defendants and the lending requirements for the development of the Property to Madison Realty Capital.

45.     Plaintiff relied upon defendants implied covenant of good faith and fair dealing  in addition to defendants agreement under the Broker Listing Agreement to non-circumvent by introducing the defendants and the lending requirements for the development of the Property to Madison Realty Capital.

46.     By virtue of their actions, defendants, jointly and severally, breached their respective implied covenants of good faith and fair dealing.

47.     There is due and owing to the plaintiff from the defendants, jointly and severally, the amount of $210,750.00 on the basis of defendants, joint and several, breach of their implied covenants of good faith and fair dealing.

## COUNT VI
### (Attorney Fees and Costs)

48.     Plaintiff repeats, incorporates herein and realleges the allegations set forth in Paragraphs 1 through 47 of the Complaint as if fully set forth herein at length.

49.     Under the terms of the Broker Listing Agreement the defendants agreed to pay

plaintiff its attorneys' fees and costs in the event that plaintiff files suit to collect the fees payable to the plaintiff.

50.    Despite demand by the plaintiff, the defendants have failed, refused and/or neglected to pay the fees which are outstanding and due and payable, jointly and severally, to the plaintiff.

51.    Plaintiff has filed this action in order to collect the fees due and payable from the defendants, jointly and severally, in the amount of $210,750.00

52.    As a result thereof, plaintiff has suffered damages for attorneys' fees and costs in an amount of not less that $21,075.00 through the date of this filing.

**WHEREFORE,** plaintiff demands judgment against defendants, jointly and severally, as follows

1.    On Count I the sum of $210,750.00, plus attorneys' fees and costs on an account stated;

2.    On Count II the sum of $210,750.00, plus attorneys' fees and costs, as and for compensatory damages for Defendants breach of contract;

3.    On Count III sum of $210,750.00, plus attorney fees and costs, for the reasonable value of the work, labor and services performed by the plaintiff;

4.    On Count IV for the sum of $210,750.00, plus attorneys' fees and costs, as and for compensatory damages for unjust enrichment;

5.    On Count V for the sum of $210,750.00, plus attorneys' fees and costs, as and for compensatory damages for the Defendants breach of an implied covenant of good faith and fair dealing;

6.    On Counts VI for compensatory damages in the amount of $21,075.00 together

with costs of suit and interest.

       7.    For such other and further relief as to the Court may seem just and equitable.

Dated:    Queens, New York
           July 23, 2015

                    **MAVROUDIS LAW, LLC**

       By:                                         
                    John M. Mavroudis, Esq.
                    690 Kinderkamack Road
                    Suite 300
                    Oradell, New Jersey 07649
                    Telephone: (201) 262-3001
                    E-mail:  jmavroudis@esqs.com

                    *Attorneys for Plaintiff*
                    *AALM Financial Group, Inc.*

# EXHIBIT A



**AALM & COMPANY,INC**

# AALM FINANCIAL GROUP

## LOAN BROKER LISTING

1. **Limited Agency Engagement**: The Borrower hereby engages **AALMFG inc** ("Broker"),as his/its mortgage loan agent and **Shirokia Development LLC and Golden Land LLC** for the *limited* purpose, notwithstanding the custom or practice in the industry, of procuring a loan approval from a bona fide lender on the terms described in paragraph two below. Broker is hereby authorized and instructed, for a period of <u>90 banking</u> days from the date of ratification of this Agreement, to present the Borrower's loan package (including but not limited to financial and credit information) to, and to solicit loan proposals (expressions of interest) from, prospective mortgage loan lenders. This contract will continue to automatically renew if not canceled in writing prior to the expiration of the original term, or any renewal term thereafter.

2. **Loan Desired** (herein "the Loan"):

   | | |
   |---|---|
   | Loan Amount: | $ 20,000.000 |
   | Property Address: | 142-28 38th Ave Queens NY 11354 and 142-21-27 37th Ave Queens 11354 |
   | Block / Lot | 5020 / 7503 and 5010/ 7504 |
   | Initial Interest Rate: | 11% |
   | Loan Fee to Broker: | 1,5% |
   | Repayment Schedule: | One Year |
   | Term: | Interest Only |
   | Prepayment Penalty: | Yes |
   | Other Terms: | NO |

3. **Promise to Pay Broker a Commission**: Upon delivery of a bona fide lender ready, willing and able to fund the loan on the above terms, or on other terms indicated by the Borrower in writing to be acceptable, the Broker fee shall be paid at the loan closing. Additionally the Borrower agrees to pay a Retainer and processing fee of $ 1.500 .00 <u>which is due upon the signing of this letter of agreement</u>. <u>The processing fee is refundable provided we can not meet the terms of this agreement</u>. This does not include issues out of our control such as but not limited to undisclosed credit issues, unacceptable appraised value, and incorrect documentation.

4. **Other Borrower Covenants**: The Borrower promises to deliver marketable mortgage title, including, but not limited to, any required subordinations. The Borrower also promises to comply with all reasonable requests for information, documentation or report fees (appraisal, toxic, etc.), within three banking days of request, absent reasonable cause. Borrower hereby authorizes and instructs lender to communicate with Broker on said loan and to provide to Broker any approvals, conditional approvals, term sheets, letters of interest, stipulations, closing documents and any other items requested by Broker in conjunction with this loan. Borrower expressly hereby irrevocably authorizes and instructs lender and any loan settlement agent to list Broker fees on the settlement statement and to pay said Broker fees from the loan proceeds. Any deviation from this authorization requires written approval from the Broker.

5. **Best Efforts Basis**: The Broker is representing the Borrower on a best efforts basis only and cannot guarantee the successful placement of any loan.

6. **Non-Circumvention**: The Borrower agrees and covenants that he/it will not directly, or indirectly; or in conjunction with any other person, company, partnership or corporation apply to the lender(s) to



## AALM FINANCIAL GROUP

Whom Broker has submitted his/its loan application, except through Broker as his/its exclusive agent, for a period of 36 months from the termination of this Agreement; otherwise the Borrower shall be liable to Broker for the loan brokerage fee described above on any loan amount funded to Borrower by such lender.

7.  Arbitration of Disputes: Except as stated herein, the parties hereby agree to submit any dispute or controversy, at law or in equity, to arbitration under the Rules of the American Arbitration Association. Said dispute shall be heard in the City of ___New York___ in the State of ___New York.___ The prevailing party shall be entitled to an award of all arbitration costs and arbitrator's fees. Notwithstanding the foregoing, the parties agree that Broker may elect, in its sole discretion, to bring a claim for a non-payment of the Broker fee in court or by demand for arbitration. In the event that Broker elects to pursue a claim for non-payment of the Broker fee in court, then Borrower hereby consents to the personal jurisdiction and venue of the courts of the City of New York. Further, in the event that Broker files suit or makes demand for arbitration in order to collect the Broker fee, then Broker shall be entitled to an award of its attorney's fees. Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof.

By initialing in the space below you are agreeing to have any dispute decided by neutral arbitration as provided by New York State Law. You are giving up any rights you might possess to have the dispute litigated in a court or jury trial, and you are giving up your judicial rights to discovery and appeal. If you refuse to submit to arbitration after agreeing to this provision, you may be judicially compelled to arbitrate. Your agreement to this provision is voluntary.

INITIALS: *JHC*  _____        **INITIAL HERE**

8.  Broker Promises Due Diligence: In consideration of the Borrower's above written assurances of fair compensation Broker promises to use *best efforts* in its efforts to procure the Loan. Broker understands and appreciates that *time is the essence* to the Borrower.

I (WE) UNDERSTAND THE ABOVE TERMS AND VOLUNTARILY ENTER INTO THIS LEGALLY BINDING CONTRACT. RECEIPT OF A COPY IS HEREBY ACKNOWLEDGED:

Borrower _____  *Xiliang Lin*          Date *02/06/2013*
By: _____

Broker: AALM Financial Group          Date *02/06/2013*
By: _____

AALM Financial Group Inc
44 Wall street New York N.Y 10005
#12 Floor phone: 212.402.5420
info@aalmfinancialgroup.com

# EXHIBIT B


Madison Realty Capital

825 Third Avenue, 37th Floor
New York, NY 10022
P (888) 261-6234  F (646) 219-5643
www.madisonrealtycapital.com

## Conditional Commitment Letter

April 24, 2013

Shirokia Development LLC

Dear Hong Qin Jiang and Xi Liang Liu:

Following are the terms to which MRC RE Holdings LLC or its affiliate ("Madison" or "Lender") hereby offers to originate a loan (the "Loan") to Borrower.

**Borrower:**  Shirokia Development LLC which shall be single asset, bankruptcy remote, real estate entities.

**Property:**  142-28 38th Avenue, Flushing, New York (the "Property" or the "Collateral").

**Loan Amount:**  Twelve Million and 00/100 Dollars.  A portion of the loan proceeds will be reserved at closing to complete renovations at the Property, which amount will be determined in the sole and absolute discretion of Lender.

**Security:**  A first mortgage or mortgages and security agreement which shall encumber and be cross collateralized against the Property.  In addition, a priority assignment of, and security interest in, all current and future leases, rents and income for the Property and a UCC-1 fixture filing perfecting the pledge of all furniture, fixtures and equipment and all other personal property of Borrower. The mortgage and security interest with respect to the Property shall constitute valid first liens, subject to no other liens or encumbrances. Lender reserves the right, in its sole discretion to divide the Loan into separate loans in order to be afforded the protections under the New York State Lien Law.  Additionally, Borrower, Guarantor and any owner(s) of the equity in the owner of the Property shall pledge to Lender a security interest in 100% of the ownership of the Borrower entity.   There shall be no senior or subordinate financing permitted during the term of the term of the Loan, either secured or unsecured.

**Loan Term:**  12 months

**Option to Extend:**  Provided (i) no event of default exists under the Loan and the Loan Documents (as defined hereunder); (ii) all payments are made on time; (iii) there are no prior defaults under the Loan Documents; and (iv) upon a satisfactory credit check, Borrower may extend the loan for two (2) 6 month periods (each an "Extension Period").   In consideration for each extension of the Loan, Borrower shall (i) pay to Lender for each Extension Period a one percent (1.0%) extension fee on the remaining balance of the remaining principal sum of the Loan, whether advanced or yet to be advanced and (ii) replenish the

{Commitment Letter}

Interest Reserve (as defined hereunder) or fund a new interest reserve by depositing with Lender an amount equal to all interest which will be due and payable during each Extension Period of the Loan.

**Interest Rate:**    The Loan during shall bear interest at an adjustable rate (adjusted as and when the Prime Rate changes) of Prime + Seven and Three Quarters Percent (7.75%) per annum with a floor of Eleven Percent (11.00%) per annum. Interest will charged based on the fully committed amount of the Loan regardless of the amount advanced.

**Amortization:**    Interest only. Interest for the period from and including the date of Closing through the end of the month shall be paid at Closing.

**Prepayment:**    No prepayment of the Loan shall be permitted without the Lender, or its assigns, having received one (1) full year of interest on the gross committed Loan Amount regardless of the amount advanced by Lender.

**Origination Fee:**    Borrower shall pay a fee of Two and One Half Percent (2.5%) of the Loan Amount to Madison or its affiliate at closing.

**Broker**    Borrower shall pay a fee to AALM Financial Group (the "Broker") at closing pursuant to a separate agreement between Borrower and Broker. Such amount(s) shall be disbursed from the Loan proceeds at Closing.
Borrower shall indemnify, defend and hold Lender harmless for any claims for broker's commissions in connection with the Loan.

**Commitment Fee:**    Upon Borrower's acceptance of this Commitment Letter and as a condition to the issuance and effectiveness of this Commitment Letter, the Borrower shall deposit in the form of wire transfer, a Commitment Fee of $30,000 (the "Commitment Fee"). The Commitment Fee shall be non-refundable if Borrower fails to close the Loan as offered in this Commitment Letter. Upon the closing of the Loan, the Commitment Fee, if any portion thereof is remaining, will be applied to Lender's fees and costs in connection with the Loan, including the Origination Fee.

**Conditions:**    In addition to the conditions otherwise set forth herein, the closing and funding of the Loan by Madison is subject to review and approval by Lender and Lender's counsel, in their sole and absolute discretion, of all legal matters regarding the Collateral, the construction project, the Borrower and the Guarantor. In addition thereto, the closing and funding of the Loan shall be subject to (i) Lender's review of an engineering report and the approval of a completion budget for the project after review of the engineering report, all in the sole and absolute discretion of Lender and (i) a background check of Borrower and Guarantor and acceptance thereof in the sole and absolute discretion of Lender.

One full year of interest due and owing under the Loan based on the full loan

{Commitment Letter}

| | |
|---|---|
| **Interest Reserve**: | amount regardless of the amount advanced at Closing (the "Interest Reserve"). |
| **Escrow**: | Real estate taxes will be escrowed at closing. The Escrow shall constitute additional collateral security for the Loan and in the event of a default, Lender shall be permitted to apply same to the Loan in such order as Lender shall determine. |
| **Insurance**: | Borrower shall provide Lender with certificates of insurance evidencing that all insurance required under the Mortgage ("Insurance Policies") is in full force and effect and in form acceptable to Lender in its sole discretion. Borrower shall covenant that the Insurance Policies shall remain in full force and effect throughout the Loan Term. The Borrower shall maintain at all times, at the Borrower's sole cost and expense, policies of liability and property (including business income, builder's risk and terrorism coverage) insurance, law and ordinance insurance and other insurance coverage required by the Lender according to the Loan Documents. The Insurance Policies must be paid for the term of the Loan at closing. Lender, its successors and/or assigns must be listed as mortgagee, loss payee, and additional insured. All Insurance Policies shall be issued by insurance companies satisfactory to Lender having an A.M. Best Key Rating of at least A/IX. |
| **Title & Searches**: | Borrower must provide the Lender with such searches and title commitments with respect to the title to the Property, ownership of the Mortgage and Borrower, its principals and the guarantors, as Lender may require. At the Closing the Borrower shall deliver to the Lender, at the Borrower's cost, an ALTA policy of title insurance for the Loan, issued by a national title insurance company or an abstract company utilizing a national title company, as selected by Lender in the principal amount of the Loan, with such reinsurance or co-insurance as the Lender may require, showing good and marketable fee simple title to the Property in the Borrower and insuring the Lender that the Mortgage is a first and prior lien for the full amount of the Loan, subject only to such exceptions as shall be approved by the Lender's counsel. Borrower shall pay the entire cost of said examination, policy, survey, recording fees, filing fees, mortgage recording taxes, municipal and departmental searches and all additional expenses and disbursements incidental to the making of the Loan and paid or incurred by the Lender or its counsel. The Title Policy shall include such endorsements as shall be required by the Lender's counsel in its sole discretion. Prior to the Closing the Borrower shall deliver to the Lender an ALTA, ASCM survey of the Property by a licensed engineer or surveyor, dated or re-dated not more than thirty (30) days prior to the Closing, which shall be certified to the Lender and the Title Company and which shall indicate the dimensions of the Property, the dimensions and locations of the improvements on the Property and of the easements, if any, the location of adjacent streets, and such other details as may be requested by the Lender or its counsel. The loan is subject to Borrower's delivery of a mezzanine loan policy from a national title insurance company. |
| **Guaranty**: | The Loan shall be fully guaranteed by Hong Qin Jiang and Xi Liang Liu (collectively "Guarantor") Guarantor shall execute a completion guaranty in |

connection with the construction, restoration and renovation of the Property and an environmental indemnity/governmental compliance agreement.

**Equity:** Upon the Closing, Borrower shall contribute cash equity to the project in an amount no less than $5,000,000, which shall be used for closing costs, acquisition costs and/or project costs in the sole and absolute discretion of Lender.

**Documentation:** Documentation of the Loan shall be on Lender's standard loan documentation, subject to the terms hereof. Loan documents will include, in addition to the provisions that are summarized herein, provisions that, in the sole discretion of Lender, are customary, typical or appropriate for the Loan. An opinion of Borrower's counsel shall be required.

**Closing:** On or about May 10, 2013 at the discretion of Lender. If the Closing does not occur by May 15, 2013, this Commitment shall expire and Lender shall have no obligation to originate the Loan.

**Exclusivity:** The Borrower and Guarantor hereby expressly agree and acknowledge that (a) Lender is devoting its personnel and financial resources to the consideration of the Loan; (b) in Lender's industry, business opportunities are limited and extremely competitive; (c) compensation to the Lender, in the event Borrower obtains financing from a source other than Lender, would be extremely difficult to calculate; (d) Lender cannot, as a result of this underwriting and analysis, commit its resources to other potential transactions and may be deprived of business opportunities thereby; and (e) Lender may suffer negative impact in the industry in the event the Borrower does not complete this proposed transaction or obtains financing from a competitor of the Lender. Accordingly, Borrower hereby expressly agrees to work solely with Lender with respect to the Loan and agrees not to, and will cause its principals and affiliates not to, obtain or attempt to arrange financing for the Collateral with any party other than L ender. In the event the Borrower or an affiliate or controlled entity of either (a) obtains financing for the Collateral from a source other than Lender, or (b) sells, assigns or otherwise conveys the Collateral, Lender shall be deemed to have earned a break-up fee, and shall be entitled to be paid the same, in the amount of Two Percent (2.0%) of the Loan Amount, which break-up fee constitutes a reasonable estimate of Lender's damages and which break-up fee shall constitute liquidated damages.

**Additional Conditions:** If, prior to the proposed disbursement of the Loan proceeds, any fact or circumstance concerning or affecting the Property, the Borrower or any Guarantor either varies from information previously submitted to or received by Lender or is otherwise unsatisfactory to Lender (in either case in the Lender's sole and absolute discretion), or if the representations herein prove to be untrue, then Lender shall have the right to refuse to consummate the Loan. Lender shall have no liability to Borrower, its principal, and/or any Guarantor should the Loan fail to close. Handwritten modifications to this Commitment

{Commitment Letter}

Letter will not be binding upon Lender.

Please acknowledge your acceptance of the terms and conditions described herein by faxing Madison an executed copy of this letter and wiring the Commitment Fee. This Commitment Letter must be executed and the Commitment Fee must be paid in good funds by April 29, 2013 (the "Commitment Fee Effectiveness Conditions"). If the Commitment Fee Effectiveness Conditions are not met by April 29, 2013, TIME BEING OF THE ESSENCE, this Commitment Letter shall be deemed void and shall have no further force and effect.

[SIGNATURE PAGE FOLLOWS]

{Commitment Letter}

Sincerely,

**MRC RE HOLDINGS LLC**

By: _____
    Joshua Zegen
    Authorized Person

**ACCEPTED AND AGREED:**

Shirokia Development LLC

By: _____
    Name:
    Title:



_____
    Hong Qin Jiang, as Guarantor



_____
    Xi Liang, as guarantor

{Commitment Letter}

# EXHIBIT C



**AALM Financial Group, Inc.**
75 Maiden LN   room # 220
New York N.Y 10005
Phone: 212.402.5420

# INVOICE                                          No.  11010

June 1, 2015

Hong Qin Jang
Xi Liang Liu
Shirokia Development, LLC
Golden Land LLC
142-28th   38 Avenue
Queens, NY 11354

Block 5020
Lots 1201-1274

_____

Fees & Commissions under Loan Broker Listing
Agreement dated 02/06/13 for First Mortgage
Loan of $ 12,675,000 closed in or around April 2015
with Madison Realty Capital and/or affiliates

Commission due to AALM Financial Group              $ 190,125.00

Fees & Commissions under Loan Broker Listing
Agreement dated 02/06/13 for Second Mortgage
Loan of $ 1,375,000 closed in or around April 2015
with Madison Realty Capital and/or affiliates

Commission due to AALM Financial Group              $   20,625.00

Total due                                          $ 210,750.00

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

AALM FINANCIAL GROUP, INC.,

                Plaintiff,

     -against-

HONG QIN JIANG, XI LIANG LIU,
GOLDEN LAND L.L.C. and
SHIROKIA DEVELOPMENT LLC,

                Defendants.

---

## SUMMONS AND COMPLAINT

---

**MAVROUDIS LAW, LLC**
**John M. Mavroudis, Esq.**
690 Kinderkamack Road
Suite 300
Oradell, New Jersey 07649
Telephone:  (201) 262-3001

Attorneys for Plaintiff

TO:    ALL PARTIES

Service of a copy of the within

               Is hereby admitted.

Dated: _____

Attorney(s) for

**Fill in this information to identify the case:**

Debtor name    Shirokia Development, LLC

United States Bankruptcy Court for the:    EASTERN DISTRICT OF NEW YORK

Case number (if known)

☐ Check if this is an
amended filing

# Official Form 206A/B

## Schedule A/B: Assets - Real and Personal Property    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest.
Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties
which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts
or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write
the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an
additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset
schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the
debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
|---|---|

1. **Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
☑ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|
| 2.    **Cash on hand** | $0.00 |

3.    **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|
| 3.1.    Chase Bank | Checking Account | | $2,000.00 |
| 3.2.    First American International Bank | Checking | | $1,000.00 |

4.    **Other cash equivalents** *(Identify all)*

5.    **Total of Part 1.**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| | $3,000.00 |
|---|---|

| Part 2: | Deposits and Prepayments |
|---|---|

6. **Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.
☐ Yes Fill in the information below.

| Part 3: | Accounts receivable |
|---|---|

10. **Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.
☐ Yes Fill in the information below.

| Debtor | Shirokia Development, LLC | Case number *(If known)* | |
|---|---|---|---|
| | Name | | |

**11.**     **Accounts receivable**

11a. 90 days old or less:    1,500.00    -    0.00    = ....    $1,500.00

                   face amount                   doubtful or uncollectible accounts

**12.**     **Total of Part 3.**

Current value on lines 11a + 11b = line 12.  Copy the total to line 82.       $1,500.00

---

| Part 4: | Investments |
|---|---|

**13. Does the debtor own any investments?**

■ No.  Go to Part 5.
☐ Yes Fill in the information below.

---

| Part 5: | Inventory, excluding agriculture assets |
|---|---|

**18. Does the debtor own any inventory (excluding agriculture assets)?**

■ No.  Go to Part 6.
☐ Yes Fill in the information below.

---

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
|---|---|

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No.  Go to Part 7.
☐ Yes Fill in the information below.

---

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |
|---|---|

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No.  Go to Part 8.
■ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39.**   **Office furniture**<br>2 Chairs<br>1 Desk | $0.00 | | $200.00 |

**40.**     **Office fixtures**

**41.**     **Office equipment, including all computer equipment and communication systems equipment and software**

**42.**     **Collectibles** *Examples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

**43.**     **Total of Part 7.**

Add lines 39 through 42.  Copy the total to line 86.       $200.00

**44.**     **Is a depreciation schedule available for any of the property listed in Part 7?**

■ No
☐ Yes

---

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

| Debtor | Shirokia Development, LLC | Case number *(If known)* | |
|---|---|---|---|
| | Name | | |

**45.** **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

■ No
☐ Yes

| Part 8: | Machinery, equipment, and vehicles |
|---|---|

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No. Go to Part 9.
☐ Yes Fill in the information below.

| Part 9: | Real property |
|---|---|

**54. Does the debtor own or lease any real property?**

☐ No. Go to Part 10.
■ Yes Fill in the information below.

**55.** **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building, if available. | | | | |
| 55.1. 142-28 38th Avenue, Flushing, NY 11354 - 4 Commercial Co-op Units; 23 Residential Co-op Units; and 47 parking spaces. | | | | |
| Based on appraisal dated December 2013 | 100% Owner | $0.00 | Broker Opinion | $27,000,000.00 |

**56.** **Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

| $27,000,000.00 |
|---|

**57.** **Is a depreciation schedule available for any of the property listed in Part 9?**

■ No
☐ Yes

**58.** **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

■ No
☐ Yes

| Part 10: | Intangibles and intellectual property |
|---|---|

**59. Does the debtor have any interests in intangibles or intellectual property?**

■ No. Go to Part 11.
☐ Yes Fill in the information below.

| Part 11: | All other assets |
|---|---|

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                Best Case Bankruptcy

Debtor    Shirokia Development, LLC _____    Case number *(If known)* _____
              Name

■ No. Go to Part 12.
☐ Yes Fill in the information below.

Debtor    Shirokia Development, LLC
          Name
                                              Case number (If known) _____

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $3,000.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $1,500.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $200.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.*.................................................> | | $27,000,000.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $4,700.00 | + 91b.  $27,000,000.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $27,004,700.00 |

Official Form 206A/B                Schedule A/B Assets - Real and Personal Property                page 5

JS 44  (Rev. 1/2013)                              CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| AALM FINANCIAL GROUP, INC. | HONG QIN JIANG, XI LIANG LIU, GOLDEN LAND L.L.C., and SHIROKIA DEVELOPMENT, LLC. |

| (b)   County of Residence of First Listed Plaintiff _____ | County of Residence of First Listed Defendant _____ |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c)   Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| MARVROUDIS LAW, LLC | DELBELLO DONNELLAN WEINGARTEN WISE&WIEDERKEHR LLP |
| 690 Kinderkamack Road, Suite 300 | One North Lexington Avenue, 11th Floor |
| Oradell, New Jersey 07649 (212) 673-7550 | White Plains, New York 10601 (914) 681-0200 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
         Plaintiff

☒ 3   Federal Question
         *(U.S. Government Not a Party)*

☐ 2   U.S. Government
         Defendant

☐ 4   Diversity
         *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                  *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☒ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| (Excludes Veterans) | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1   Original
         Proceeding

☒ 2   Removed from
         State Court

☐ 3   Remanded from
         Appellate Court

☐ 4   Reinstated or
         Reopened

☐ 5   Transferred from
         Another District
         *(specify)*

☐ 6   Multidistrict
         Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1452
Brief description of cause:
DETERMINATION OF REMOVED PROCEEDING

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P. | DEMAND $ _____ | CHECK YES only if demanded in complaint: JURY DEMAND:    ☐ Yes   ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | *(See instructions):* | JUDGE  NANCY H LORD (BANKRUPTCY) | DOCKET NUMBER  16-45568-NHL |
|---|---|---|---|

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 12/28/2016 | /s/ Julie Cvek Curley |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.10 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

I, JULIE CVEK CURLEY _____, counsel for SHIROKIA DEVELOPMENT, LLC , do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☒   monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☐   the complaint seeks injunctive relief,

☐   the matter is otherwise ineligible for the following reason

### DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

### RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

### NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.)   Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County: NO _____

2.)   If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County? NO _____

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District? YES _____

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County? N/A _____
(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

### BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.
☒   Yes        ☐   No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?
☐   Yes    (If yes, please explain)        ☒   No

I certify the accuracy of all information provided above.

**Signature:** /s/ Julie Cvek Curley _____